UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND; et al., | 2:11-cv-0474-LDG-CWH |
| Plaintiffs, | **ORDER** |
| v. | |
| CLARK COUNTY, NEVADA; et al., | |
| Defendants. | |

Defendants have filed a motion to dismiss (#24, response #34, reply #36). Before plaintiffs filed their response and defendants filed their reply to the motion, plaintiffs filed their amended complaint (#33). The amended complaint includes new allegations not asserted in the original complaint, which defendants argue were asserted to cure the deficiencies raised by defendants' motion to dismiss. The new matter includes an additional plaintiff and allegations identifying the individually named plaintiffs' membership in the National Federation of the Blind, their travels through McCarran Airport, and their inability to use the self-service check-in kiosks. Defendants assert that this new matter is a response to defendants' argument that the original plaintiffs lacked standing.

The amended complaint also adds new allegations that defendants claim are aimed at the County's indispensable-parties argument, including claims that the kiosks were purchased and

installed by McCarran, and that McCarran controls the kiosk program.  Defendants also seize upon plaintiffs' omission of allegations dealing with the "undesirability" to plaintiffs of the accommodations in air travel provided to blind passengers as a reaction to defendants' previous made arguments.

Before addressing defendants' substantive arguments, the court considers how the amended complaint has altered the procedural landscape of the case.  "Normally, an amended complaint supersedes the original complaint." Pac. Bell Tel. Co. v. Linkline Communc'ns, Inc., 555 U.S. 438, 456 n. 4 (2009).  Defendants are correct that they should not be required to file a new motion to dismiss so long as shared defects in the original and amended complaints permit the court to simply consider the original motion as being addressed to the amended complaint.  That is not the situation, here, however.  In this case, the amended complaint contains substantially altered allegations and a significant new plaintiff which, as defendants suggest, appear to have been put in place in reaction to defendants' initial challenges.  While defendants' challenges to the original and amended complaints may be similar in form, the substance has necessarily changed with plaintiffs' material alterations of their pleading.

Moreover, defendants' arguments against the sufficiency of the amended complaint are contained in the reply brief of the original motion to dismiss.  Thus, plaintiffs have not been permitted to respond to defendants' arguments.  Under such circumstances, the court determines that defendants should file a separate motion to dismiss the amended complaint.  While the new motion may incorporate by reference matters contained in the original motion (including the subsequently-filed request for judicial notice), by analogy to defendants' authority regarding amended pleadings, the court invites defendants to consider an approach that "will assist the parties and the court in dealing with the issues."  Wright, Miller & Kane, Federal Practice and Procedure, §1476 (3d ed. 2010).

THE COURT HEREBY ORDERS that defendants' motion to dismiss (#24) is DENIED without prejudice.

THE COURT FURTHER ORDERS that defendants shall have sixty (60) days in which to file a motion to dismiss the amended complaint.

Dated this 23 day of March, 2012.

_____
Lloyd D. George
United States District Judge